UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

  -vs-                                                Case No. 1:23-cr-01161-JB

DIEGO SENA,

        Defendant.

## ORDER DENYING DEFENDANT'S OPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

**THIS MATTER** is before the Court on defendant Diego Sena's Opposed Motion to Modify Conditions of Release, filed on October 20, 2023, 2023. Doc. 32. The United States opposes the motion. Doc. 33. The Court held a hearing on the motion on November 8, 2023. For the following reasons, the Court DENIES Mr. Sena's motion.

About three and a half months ago, on July 14, 2023, the Court released Mr. Sena to the La Pasada Halfway House despite a presumption that he should be detained and despite strong evidence that Mr. Sena had committed the offenses with which he had been charged. *See* Docs. 1 (complaint identifying charges and describing evidence), 8 (pretrial services report), 11 (release order). Within two weeks of his release, a federal grand jury returned an indictment against Mr. Sena. Doc. 13. Count 1 charges him with possession with intent to distribute 400 grams and more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); Count 2 charges him with possession with intent to distribute 100 grams and more of a mixture and substance containing heroin, in violation of 21 U.S.C. §§ 841(a)((1) and (b)(1)(B); and Count 3 charges him with possession of a firearm in furtherance of a drug trafficking crime, in violation

of 18 U.S.C. § 924(c)(1)(A)(i).  Doc. 13.  Together, these charges carry a minimum mandatory sentence of 15 years in prison.

Mr. Sena is only 18 years old, and he has very limited criminal history.  *See* Doc. 8.  He was living with his grandparents when he allegedly committed the crimes with which he's been charged.  *See id.* at 1–2.  According to the pretrial services report, Mr. Sena "attributed his legal problems to his drug use and bad influences in Santa Fe."  *Id.* at 2.  Mr. Sena now seeks to return to his grandparents' home near Santa Fe and start a job with a Santa Fe real estate company.  Doc. 27.  Although both Mr. Sena and his grandfather have assured the Court that things will be different now, and that the grandfather will hold Mr. Sena accountable, the Court does not believe that returning Mr. Sena to his previous environment will adequately protect the public and assure his appearance at future proceedings.  Pretrial services conducted a home visit at the grandparents' home, and the officer who conducted the visit was concerned that there was inadequate supervision there.  Further, although Mr. Sena generally has done well at La Pasada, he recently has had "accountability issues."  According to the pretrial services officer, Mr. Sena was approved to use rideshare services such as Uber or Lyft, but he instead was getting rides with friends without the authorization of La Pasada.  He also recently tested positive for marijuana.  Mr. Sena has denied the marijuana use, and the sample has been sent to the national lab for confirmation.  The lab report had not been received by the time the hearing took place.  Further, Mr. Sena has started working in Albuquerque, and he has established a relationship with his counselor at Counseling World.  He also is taking online cases to obtain his GED.  Thus, in the Court's view, the structure and oversight provided by La Pasada, as well as its distance from Mr. Sena's prior environment and the negative influences he had there, are necessary to assure the safety of the community and to assure Mr. Sena's appearance at future court proceedings.

As an aside, and despite the motion's reference to 18 U.S.C. § 3142(f), the Court does not view Mr. Sena's motion as seeking to reopen the detention hearing. Doc. 27 at 1; *see also* Doc. 28 at 2 (government response stating that Court may reopen detention hearing only if the defendant presents new, material information that was not known to him at the time of the original detention hearing). The Court *released* Mr. Sena to the halfway house. *See* Doc. 11. Accordingly, Mr. Sena may, at any time, file "a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a)(2). In addition, under 18 U.S.C. § 3142(c)(3), the Court "may at any time amend the order [of release] to impose additional or different conditions of release." Thus, Mr. Sena properly moved to modify his conditions. Nonetheless, although Mr. Sena has done well under supervision and generally has adhered to the conditions imposed, the Court finds that modifying those conditions as proposed by Mr. Sena is not appropriate at this time.

**IT IS THEREFORE ORDERED** that defendant Diego Sena's Opposed Motion to Modify Conditions of Release (Doc. 27) is DENIED.

DATED this 9th day of November 2023.

_____
Laura Fashing
United States Magistrate Judge